

**Muriel Goode-Trufant**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**Yini Zhang**
Senior Counsel
yinzhan@law.nyc.gov
Phone: (212) 356-3541

December 30, 2024

**BY ECF**
Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: <u>Willow Friedland, et al. v. The City of New York, et. al.</u>,
24-CV-102429 (DLC)

Your Honor:

I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, representing defendants City of New York ("the City"), Former Mayor Bill De Blasio, Former New York City Police Department Commissioner Dermot Shea, and Former New York City Police Department Chief of Department Terence Monahan (hereinafter "defendants") in the above referenced matter. In that capacity, I write to respectfully request a fifty-nine day enlargement of time from December 31, 2024 to and including February 28, 2025, within which defendants may answer or otherwise respond to the First Amended Complaint. Plaintiffs' counsel, Wylie M. Stecklow, Esq., consents only to a 30-day enlargement of time. For the reasons detailed below, defendants request until February 28, 2025 within which defendants may answer or otherwise respond to the First Amended Complaint. This is the first request for an enlargement of time.

By way of relevant background, on September 18, 2024, plaintiffs filed the Complaint, which was referred to the Honorable Colleen McMahon as possibly related to <u>In re: New York City Policing During Summer 2020 Demonstrations</u>, Case No. 20-CV-8924. On September 24, 2024, the case was declined by Judge McMahon. On November 4, 2024, plaintiffs filed the First Amended Complaint and claim, *inter alia,* that they were falsely arrested on June 1, 2020. Before we can adequately respond to the First Amended Complaint, we will need to conduct an investigation into the facts of the case. We requested executed authorizations from plaintiffs for the release of the underlying criminal records sealed pursuant to NYCPL § 160.50 (1)(d) for plaintiffs' arrests today. An enlargement of time will allow this Office time to obtain the plaintiffs' executed authorizations for the release of the underlying arrests and medical records with requests for records to the appropriate agencies and medical facilities. In order to respond to the allegations contained in the First Amended Complaint, defendants must obtain records of the underlying

criminal cases including Police, Criminal Court and District Attorney's records. It is our understanding that these records may be sealed pursuant New York Criminal Procedure Law § 160.50. Defendants cannot obtain these records without these authorizations, and without the records, defendants cannot properly assess this case or respond to the First Amended Complaint. Accordingly, defendants require this enlargement so that this Office may obtain the underlying documentation, properly investigate the allegations of the First Amended Complaint and fulfill our obligations under Rule 11 of the Federal Rules of Civil Procedure.

In view of the foregoing, defendants respectfully request a fifty-nine day enlargement of time from December 31, 2024 to and including February 28, 2025. The undersigned sincerely apologizes to the Court that this request does not comport with the 48-hour requirement delineated in the Individual Rules. The undersigned was out of the office until today. Thank you for your consideration herein.

Respectfully submitted,

/s/ *Yini Zhang*

Yini Zhang  
Senior Counsel  
Special Federal Litigation Division

cc:   Counsels of Record (By ECF)