

**Muriel Goode-Trufant**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**Yini Zhang**
Senior Counsel
yinzhan@law.nyc.gov
Phone: (212) 356-3541

March 31, 2025

**BY ECF**
Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

        Re: <u>Willow Friedland, et al. v. The City of New York, et. al.,</u>
           24-CV-07064 (DLC)

Your Honor:

    I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, assigned to represent defendants City of New York ("the City"), former Mayor Bill De Blasio, former New York City Police Department Commissioner Dermot Shea, and former New York City Police Department Chief of Department Terence Monahan (hereinafter "defendants") in the above referenced matter. Defendants respectfully submits this letter in connection with their contemplated motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to respectfully requests that the Court endorse their proposed briefing schedule.

    By way of relevant background, plaintiffs bring this action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, claims of false arrest, excessive force, and first amendment retaliation in connection with plaintiffs' June 1, 2020 arrest. On September 18, 2024, plaintiffs filed the instant case, over four years after the date of their arrest. <u>See</u> ECF No. 1. Plaintiffs' claims are time-barred and without an applicable tolling, the statute of limitations on these claims ran.

    It is significant to note that plaintiffs' counsel in this matter are also class counsel in <u>Sow et al v. City of New York et al.</u>, 21-CV-00533 (CM) (GWG), the class action plaintiffs allege tolled the statute of limitations. However, Plaintiffs were not members of the proposed or certified class and were on notice of this fact. Without the tolling protection for class actions, the statute of limitations remains three years. The COVID-19 tolling suspended the civil statutes of limitations from March 20, 2020 until November 3, 2020. Even factoring in this tolling period, the statute of limitations on plaintiffs' claims ran in November 2023.

Plaintiffs' other claims also fail. Plaintiffs' <u>Monell</u> claims are supported by alleged constitutional violations that are also time-barred. As for plaintiffs' state law claims, plaintiffs failed to meet the pleading requirements of General Municipal Law § 50. Accordingly, all of plaintiffs' claims should be dismissed.

In anticipation of their motion, defendants respectfully request that the Court endorse the following proposed briefing schedule:

- Defendants to file their motion papers by May 16, 2025;
- Plaintiffs to file their opposition papers, if any, by June 27, 2025; and
- Defendants to serve and file their reply, if any, by July 11, 2025.

Defendants thank the Court for its time and consideration in this matter.

Respectfully submitted,

/s/ *Yini Zhang*

Yini Zhang
Senior Counsel
Special Federal Litigation Division

cc:    Counsels of Record (By ECF)