24 Civ. 07064 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLOW FRIEDLAND, STEVEN GONZALEZ,
and MIRIAM SIERADZKI,

Plaintiffs,

-against-

CITY OF NEW YORK, FORMER MAYOR BILL
DE BLASIO, FORMER NEW YORK CITY
POLICE DEPARTMENT COMMISSIONER
DERMOT SHEA, and FORMER NEW YORK
CITY POLICE DEPARTMENT CHIEF OF
DEPARTMENT TERENCE MONAHAN,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

***MURIEL GOODE-TRUFANT***
*Corporation Counsel of the City of New York*
*Attorneys for Defendants*
*100 Church Street, 3rd Floor*
*New York, NY 10007*
*By: Yini Zhang*
*Tel: (212) 356-3541*
*E-mail: yinzhan@law.nyc.gov*

**<u>TABLE OF CONTENTS</u>**

TABLE OF CONTENTS.................................................................................. i

TABLE OF AUTHORITIES ......................................................................... iii

PRELIMINARY STATEMENT .................................................................... 1

RELEVANT STATEMENT OF FACTS & PROCEDURAL HISTORY ...................... 2

STANDARD OF REVIEW ........................................................................... 5

     A. Considering Matters Outside The Four Corners of the Complaint.................... 6

ARGUMENT .............................................................................................. 7

     POINT I ................................................................................................ 7

         PLAINTIFFS' CLAIMS UNDER 42 U.S.C. § 1983
         ARE TIME-BARRED .......................................................................... 7

            A.Plaintiff's Claims are Time-Barred Even Considering COVID-19 Pandemic Tolling.................................................................................. 7

            B.American Pipe Tolling Is Inapplicable. ........................................... 9

            C. Plaintiffs Are Not Members of the <u>Sow</u> Certified Class .............. 11

            D. Plaintiffs Were In Violation Of The Mayoral Emergency Executive Order. .............................................................................................. 11

     POINT II ............................................................................................. 12

         PLAINTIFF'S MUNICIPAL LIABILITY CLAIMS
         FAIL AS A MATTER OF LAW .......................................................... 12

            A.Plaintiffs Cannot Proceed on a Monell Claim as the Alleged Constitutional Violations Are Time-Barred ..................................... 12

            B.Plaintiffs' Complaint Fails to Adequately Allege a Municipal Policy or Practice ......................................................................................... 13

            C. Plaintiffs' Municipal Liability Claim Should be Precluded. ........ 16

POINT III .............................................................................................................. 17

    PLAINTIFF'S STATE LAW CLAIMS SHOULD
    BE DISMISSED ....................................................................................... 17

CONCLUSION .............................................................................................................. 19

## <u>TABLE OF AUTHORITIES</u>

**Cases**

An v. City of New York,
    2017 U.S. Dist. LEXIS 84364 (S.D.N.Y. June 1, 2017)..........................................................14

American Pipe & Construction Co. v. Utah,
    414 U.S. 538 (1974)................................................................................1, 9, 10, 11, 18

Aquino v. City of New York,
    16-CV-1577 (GHW), 2017 U.S. Dist. LEXIS 10436
    (S.D.N.Y. Jan. 25, 2017)....................................................................................13, 14

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)..........................................................................................5

Bejaoui v. City of New York,
    13-CV-5667 (NGG) (RML), 2015 U.S. Dist. LEXIS 44087
    (E.D.N.Y. Mar. 31, 2015) ................................................................................6

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)..........................................................................................5

Burnett v. N.Y. Cent. R.R. Co.,
    380 U.S. 424, 85 S. Ct. 1050 (1965)................................................................10

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002)..............................................................................6

Chavez v. Occidental Chem. Corp.,
    35 NY3d 492 (2020) ........................................................................................18

City of Canton v. Harris,
    489 U.S. 378 (1989)........................................................................................14

C.Q. v. N.Y.C. Dep't of Educ.,
    21-CV-3 (JGK), 2024 U.S. Dist. LEXIS 219704
    (S.D.N.Y. Dec. 3, 2024)....................................................................................8

Connick v. Thompson,
    563 U.S. 51 (2011)..........................................................................................13

Corines v. County of Westchester,
    22-CV-5179 (KMK), 2024 U.S. Dist. LEXIS 54050
    (S.D.N.Y. Mar. 25, 2024) ................................................................................8

Crown, Cork & Seal Co., Inc. v. Parker,
   462 U.S. 345, 103 S. Ct. 2392 (1983)..................................................................10

Daniels v. City of N.Y.,
   2004 U.S. Dist. LEXIS 9361 (S.D.N.Y. May 24, 2004)........................................7

Daniels v. City of New York,
   18-CV-3717 (RA), 2019 U.S. Dist. LEXIS 55746
   (S.D.N.Y. Mar. 31, 2019) ....................................................................................13

Doe v. State Univ. of N.Y. Purchase Coll.,
   617 F. Supp. 3d 195 (S.D.N.Y. 2022)...................................................................8

Ellul v. Congregation of Christian Bros.,
   774 F.3d 791 (2d Cir. 2014).................................................................................5

Favourite Ltd. v. Cico,
   42 N.Y.3d 250 (2024) ..........................................................................................8

Galgano v. Cty. of Putnam,
   16-CV-3572 (KMK), 2020 U.S. Dist. LEXIS 116682
   (S.D.N.Y. July 2, 2020) ......................................................................................14

Goel v. Bunge, Ltd.,
   820 F.3d 554 (2d Cir. 2016)................................................................................6

Hardy v. N.Y.C. Health & Hosp. Corp.,
   164 F.3d 789 (2d Cir. 1999)...............................................................................17

Harris v. City of New York,
   186 F.3d 243 (2d Cir. 1999)................................................................................5

Harris v. Howard,
   2009 U.S. Dist. LEXIS 105860 (S.D.N.Y. Oct. 23, 2009) .......................................7

Horvath v. Daniel,
   423 F. Supp.2d 421 (S.D.N.Y. 2006)............................................................17, 18

Iowa Pub. Employees' Ret. Sys. V. MF Global, Ltd.,
   620 F.3d 137 (2d Cir. 2010)................................................................................5

In re UiPath, Inc. Sec. Litig.,
   755 F. Supp. 3d 498 (S.D.N.Y. 2024)..................................................................10

Leibovitz v. Barry,
    2016 U.S. Dist. LEXIS 128231 (E.D.N.Y. Sep. 20, 2016)......................................................6

Liang v. City of New York,
    2013 U.S. Dist. LEXIS 136795 (E.D.N.Y. Sep. 18, 2013)......................................................6

L-7 Designs, Inc. v. Old Navy, LLC,
    647 F.3d 419 (2d Cir. 2011)...................................................................................................6

Mary Jo C. v. New York State and Local Retirement System,
    707 F.3d 144 (2d Cir. 2013)...................................................................................................6

Matter of Jaime v. City of New York,
    41 N.Y.3d 531 (2024) .............................................................................................................8

McLaughlin v. Snowlift, Inc.,
    214 A.D.3d 720, 185 N.Y.S.3d 212 (App. Div. 2023) ..........................................................8

Mercado v. City of New York,
    08-CV-2855 (BSJ)(HP), 2011 U.S. Dist. LEXIS 140430
    (S.D.N.Y. Dec. 5, 2011)........................................................................................................14

Modos Chofetz Chaim, Inc. v. RBS Citizens, N.A.,
    14 F.Supp.3d 191 (S.D.N.Y. 2014) .....................................................................................14

Monahan v. City of New York,
    20-CV-2610 (PKC), 2022 U.S. Dist. LEXIS 59124
    (S.D.N.Y. March 30, 2022)...................................................................................................16

Monell v. Dep't of Social Services,
    436 U.S. 658 (1978)....................................................................................1, 12, 13, 14, 15, 16

Newton v. City of New York,
    779 F.3d 140 (2d Cir. 2015)..................................................................................................15

Noskov v. Roth,
    19-CV-7431 (RA), 2020 U.S. Dist. LEXIS 126411
    (S.D.N.Y. July 17, 2020) ........................................................................................................5

Nwoye v. Obama,
    23-1178-CV, 2024 U.S. App. LEXIS 5143 (2d Cir. Mar. 4, 2024).........................................8

Ormiston v. Nelson,
    117 F.3d 69 (2d Cir. 1997).....................................................................................................7

Owens v. Okure,
      488 U.S. 235 (1999).............................................................................7

Pani v. Empire Blue Cross Blue Shield,
      152 F.3d 67 (2d Cir. 1998)..................................................................5

Pembaur v. City of Cincinnati,
      475 U.S. 469 (1986)...........................................................................14

Rattner v. Planning Comm'n of Vill. of Pleasantville,
      156 A.D.2d 521, 548 N.Y.S.2d 943 (2d Dep't 1989)...........................17

Rodriguez v. Winski,
      973 F. Supp. 2d 411 (S.D.N.Y. 2013)................................................13

Segal v. City of New York,
      459 F.3d 207 (2d Cir. 2006)...............................................................14

Shak v. JPMorgan Chase & Co.,
      156 F.Supp.3d 462 (S.D.N.Y. 2016)....................................................5

Thea v. Kleinhandler,
      807 F.3d 492 (2d Cir. 2015) ................................................................5

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
      551 U.S. 308 (2007).............................................................................6

Vasquez v. City of New York,
      99-CV-4606 (DC), 2000 U.S. Dist. LEXIS 8887
      (S.D.N.Y. June 29, 2000)......................................................................7

Wray v. City of New York,
      490 F.3d 189 (2d Cir. 2007)...............................................................13

**Statutes**

42 U.S.C. § 1983..................................................................................*passim*

New York General Municipal Law § 50........................................1, 17, 18

New York General Municipal Law § 50-e ...............................................17

New York General Municipal Law § 50-i ...........................................17, 18

New York Penal Law § 240.20(7) ............................................................3

**Rules**

Federal Rules of Civil Procedure Rule 12(b)(6) .........................................................1, 2, 4, 5, 7, 19

Federal Rules of Evidence Rule 201(b) ..........................................................................................6

**Constitutional Provisions**

U.S. Const. Art. III, Section 2 ........................................................................................................14

**Other Authorities**

Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8).........................................................8

New York City Emergency Executive Order No. 117 .........................................................11, 12

## PRELIMINARY STATEMENT

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 and corresponding state law claims, alleging, *inter alia*, false arrest, excessive force, and First Amendment retaliation in connection with plaintiffs' arrest on June 1, 2020. Defendants City of New York ("the City"), Former Mayor Bill De Blasio, Former New York City Police Department ("NYPD") Commissioner Dermot Shea, and Former New York City Police Department Chief of Department Terence Monahan (hereinafter "defendants") now move to dismiss the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

All three plaintiffs were arrested on June 1, 2020. However, the instant action was not filed until September 18, 2024—well after the three-year statute of limitations ran on their § 1983 claims. Although plaintiffs could have availed themselves of the approximately six-month tolling of statute of limitations resulting from Governor Andrew Cuomo's executive orders in response to the Covid-19 pandemic, the statute of limitations on these claims still expired on or about November 4, 2023. In their pleading, plaintiffs cite to American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974) for the tolling of applicable statute of limitations in class action litigations. However, plaintiffs' vague references to American Pipe fail to demonstrate that its principles are applicable in this case. As a result, plaintiffs' federal claims are time-barred and should be dismissed.

Likewise, plaintiffs' municipal liability claims against the City should be dismissed. The Monell claims are based on alleged constitutional violations that are also time-barred. Moreover, plaintiffs fail to adequately allege a municipal policy or practice that led to their asserted deprivation of rights. Additionally, plaintiffs' state law claims fail because plaintiffs failed to comply with multiple requirements of New York General Municipal Law § 50. Moreover, even if

1

plaintiffs had complied with the New York state law requirements, their claims are time-barred since this suit was filed substantially after the one year and ninety days statute of limitations expired. Accordingly, plaintiffs' state law claims should be dismissed. Therefore, pursuant to Rule 12(b)(6), this Court should dismiss the entire Complaint for failing to state any claim upon which relief can be granted.

## **RELEVANT STATEMENT OF FACTS & PROCEDURAL HISTORY**[1]

On June 1, 2020, at approximately 5:00 p.m., plaintiffs joined a Black Lives Matter protest in the Midtown Manhattan. First Amended Complaint dated November 4, 2024, ECF No. 23 Civ. 01806, ECF No. 13 (hereinafter "FAC") at ¶¶ 130, 158, 185. At some point later that evening, plaintiffs were in the vicinity of the New York Times Building, located on 8th Avenue between West 40th Street and West 41st Street, and positioned on the sidewalk near the back of a group of protestors. FAC at ¶¶ 130-131, 159, 186. Plaintiff Friedland observed an interaction between a group of NYPD officers and a group of Black teenagers. FAC at ¶ 133. Plaintiff Friedland claims the police officers "seemed to be harassing and apprehending" the teenagers. FAC at ¶ 133. Plaintiffs stopped and began recording the officers. FAC at ¶¶ 133, 160, 187.

Plaintiffs allege that approximately six police officers approached plaintiffs and yelled at plaintiffs to "back up and stop recording." FAC at ¶¶ 134, 161, 190. Plaintiffs claim that none of the officers were wearing facemasks, unlike plaintiffs, and were physical close to plaintiffs. FAC at ¶¶ 132, 135, 164, 191. Plaintiffs assert that at approximately 11:30 p.m., the officers threw plaintiffs to the ground, applied zip-tie flex-cuffs to the plaintiffs, and arrested plaintiffs. FAC at

---

[1] The facts alleged in the First Amended Complaint are accepted as true herein solely for the purposes of this motion.

¶¶ 138, 165, 192. Plaintiffs were transported to Midtown Precinct South, where they and their belongings were searched and processed. FAC at ¶¶ 145-146, 148, 173-174, 176, 198-199, 201.

Plaintiff Friedland was released on June 2, 2020, between approximately 1:30 a.m. – 2:30 a.m.. FAC at ¶ 154. Plaintiff Friedland was charged by Summons No. 4440045614 with New York Penal Law § 240.20(7), Disorderly Conduct. Summons No. 4440045614, dated June 2, 2020, annexed to Declaration of Yini Zhang dated April 25, 2025 (hereinafter "Zhang Decl."), as Exhibit A. Plaintiff Friedland was not arraigned. FAC at ¶ 155. Plaintiff Gonzalez was released on June 2, 2020, between approximately 3:30 a.m. – 4:30 a.m. FAC at ¶ 181. Plaintiff Gonzalez was charged by Summons No. 4440045600 with New York Penal Law § 240.20(7), Disorderly Conduct. Summons No. 4440045600, dated June 2, 2020, annexed to Zhang Decl. as Exhibit B. Plaintiff Gonzalez were not arraigned. FAC at ¶ 182. Plaintiff Sieradzki was released on June 2, 2020, between approximately 2:30 a.m. – 3:30 a.m. FAC at ¶ 205. Plaintiff Sieradzki was charged by Summons No. 4440045628 with New York Penal Law § 240.20(7), Disorderly Conduct. Summons No. 4440045628, dated June 2, 2020, annexed to Zhang Decl. as Exhibit C. Plaintiff Sieradzki received notification by mail that their case was dismissed. FAC at ¶ 207.

On January 21, 2021, Adama Sow and others filed a putative class action on behalf of individuals who allege they were falsely arrested or suffered physical and emotional harm during protests related to the death of George Floyd and Black Lives Matter. Sow, et al v. City of New York, et al., 21-CV-00533 (CM) (GWG) (hereinafter "Sow"), Complaint dated January 21, 2021, ECF No. 1, at ¶ 444; FAC at ¶ 14. On March 6, 2021, the First Amended Complaint was filed, which revised the proposed class to individuals who allege they were, *inter alia*, falsely arrested or subjected to excessive force. Sow, First Amended Complaint dated March 5, 2021, ECF No. 4, at ¶ 510. On August 23, 2023, the Amended Stipulation of Settlement and Order (hereinafter "Sow

Amended Stipulation"), as negotiated by the parties, was accepted by the court. <u>Sow</u>, ECF No. 176. The class was certified on February 22, 2024. <u>Sow</u>, Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement (hereinafter "<u>Sow</u> Final Approval Order"), ECF No. 196; <u>see also</u> <u>Sow</u>, Amended Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement dated March 5, 2024 (hereinafter "<u>Sow</u> Amended Final Approval Order")ECF No. 199. Sometime prior to the <u>Sow</u> class certification, plaintiffs contacted class counsel and the class administrator in <u>Sow</u>, who inquired about submitting plaintiffs' arrests as <u>Sow</u> claims to the City pursuant to the established settlement process. FAC at ¶¶ 22-23. On January 22, 2024, the City rejected plaintiffs' claims, finding that plaintiffs' arrests "[we]re not protest-related arrests and therefore the City's response is that the following 3 are not eligible." FAC at ¶ 24.

Plaintiffs' counsel in this matter are also class counsel in <u>Sow</u>. <u>See</u> FAC at p. 60; <u>Sow</u> Amended Final Approval Order at p. 2; <u>Sow</u> Final Approval Order at p. 2; <u>Sow</u> Amended Stipulation at p. 31. On September 18, 2024, plaintiffs filed the original complaint. <u>See</u> ECF No. 1. On September 19, 2024, the case was referred to the Honorable Colleen McMahon as possibly related to <u>In Re: New York City Policing During Summer 2020 Demonstrations</u>, 20-CV-08924 (hereinafter "<u>In Re: 2020 Demonstrations</u>").[2] It was declined as unrelated on September 24, 2024. <u>See</u> ECF entry dated Sept. 24, 2024. Plaintiffs subsequently filed the FAC on November 4, 2024. ECF No. 13.

Defendants now move before this Court for an order dismissing the FAC in its entirety pursuant to Rule 12(b)(6).

---

[2] <u>In Re: New York City Policing During Summer 2020 Demonstrations</u> consists of 10 lawsuits against municipal defendants, including the City, based on allegations of improperly policing during protests in the Summer of 2020 through the Winter of 2021, which were consolidated before Judge McMahon.  <u>Sow</u> was one of those lawsuits.

## STANDARD OF REVIEW

Rule 12(b)(6) allows for a pleading to be dismissed when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim" that, if accepted as true, "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). The factual allegations in the complaint must be more than speculative and must show the grounds upon which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation of a cause of action's elements." Twombly, 550 U.S. at 555. The pleading must include facts that articulate more than "a sheer possibility that a defendant has acted unlawfully." Ashcroft, 556 U.S. at 678.

Finally, affirmative defenses may be raised in a pre-answer Rule 12(b)(6) motion if "the defense appears on the face of the complaint." Iowa Pub. Employees' Ret. Sys. V. MF Global, Ltd., 620 F.3d 137, 145 (2d Cir. 2010) (citing Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998)). This includes the defense that the statute of limitations has expired. See Noskov v. Roth, No. 19 Civ. 7431 (RA), 2020. U.S. Dist. LEXIS 126411, *9-10 (S.D.N.Y. July 17, 2020) (citing Thea v. Kleinhandler, 807 F.3d 492, 501 (2d Cir. 2015) (quoting Ellul v. Congregation of Christian Bros., 774 F.3d 791, 798 n.12 (2d Cir. 2014)). "Dismissing claims on statute of limitations grounds at the complaint stage 'is appropriate only if a complaint clearly shows the claim is out of time.'" Id. at *10 (citing Shak v. JPMorgan Chase & Co., 156 F.Supp.3d 462, 474 (S.D.N.Y. 2016) (quoting Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999)); see also Modos Chofetz Chaim, Inc. v. RBS Citizens, N.A., 14 F.Supp.3d 191, 209 (S.D.N.Y. 2014) ("Because the defendants bear the burden of establishing the expiration of the statute of

5

limitations as an affirmative defense, a pre-answer motion to dismiss on this ground may be granted only if it is clear on the face of the complaint that the statute of limitations has run.") (alterations internal quotation marks, and citation omitted).

### A.    Considering Matters Outside the Four Corners of the Complaint

The Court may consider documents that are "integral to the complaint," even if that document is not incorporated by reference or otherwise expressly referenced in the complaint. See L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011). A document is integral to the complaint if the complaint "relies heavily upon its terms and effect," and the plaintiff relied on the document in drafting the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks and citations omitted). When deciding a motion to dismiss the Court must consider matters of which it may properly take judicial notice. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, (2007); see also Mary Jo C. v. New York State and Local Retirement System, 707 F.3d 144, 149 (2d Cir. 2013). Generally, facts may be judicially noticed if they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) and Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016). "Court records and other public records are facts of which a court may properly take judicial notice pursuant to Rule 201." Bejaoui v. City of N.Y., 13-CV-5667(NGG) (RML), 2015 U.S. Dist. LEXIS 44087, at *16 (E.D.N.Y. Mar. 31, 2015); see also, e.g., Leibovitz v. Barry, 2016 U.S. Dist. LEXIS 128231 (E.D.N.Y. Sep. 20, 2016) (taking judicial notice of criminal court records); Liang v. City of New York, 2013 U.S. Dist. LEXIS 136795 (E.D.N.Y. Sep. 18, 2013) (taking judicial notice of complaint reports, follow-up reports, and arrest reports).

Pursuant to these principles, this Court may consider the Summonses issued to plaintiffs in the underlying criminal matters. See generally, Zhang Decl., Exhibits A-C. The summonses are

public records related to plaintiffs' conduct in the underlying incident and are directly relevant to plaintiffs' arrests. "'[I]t is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6),' including arrest reports, criminal complaints, indictments, and criminal disposition data." Harris v. Howard, 2009 U.S. Dist. LEXIS 105860, at *5-6 (S.D.N.Y. Oct. 23, 2009) (quoting Vasquez v. City of New York, 99 Civ. 4606 (DC), 2000 U.S. Dist. LEXIS 8887, at *3 (S.D.N.Y. June 29, 2000)); see also, Daniels v. City of N.Y., 2004 U.S. Dist. LEXIS 9361, at *5 (S.D.N.Y. May 24, 2004) (stating that the court, in deciding a Rule 12(b)(6) motion, can consider criminal complaints and orders of protection because they are public records).

## ARGUMENT

### POINT I

### PLAINTIFFS' CLAIMS UNDER 42 U.S.C. § 1983 ARE TIME-BARRED

Plaintiffs' claims under 42 U.S.C. § 1983 are time-barred. The statute of limitations for a § 1983 civil rights action in New York is three years. See Owens v. Okure, 488 U.S. 235, 251 (1999). Such claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis for his action." Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) (citations omitted). In the instant matter, plaintiffs' false arrest, false imprisonment, and excessive force claims accrued on or about the date of their arrest on June 1, 2020. Thus, without any applicable tolling, the statute of limitations on these claims ran on or about June 1, 2023. The tolling described in the FAC do not save these claims from dismissal.

**A.    Plaintiffs' Claims are Time-Barred Even Considering COVID-19 Pandemic Tolling.**

In response to the COVID-19 pandemic, former Governor Andrew Cuomo issued Executive Order No. 202.8 on March 20, 2020, which suspended, *inter alia*, the running of civil

statutes of limitations. Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8) The directive was then extended multiple times (collectively, "COVID-19 Executive Orders"), resulting in the suspension of civil statutes of limitation from March 20, 2020 until November 3, 2020. Subsequently, the New York Court of Appeals concluded that the Executive Orders did not merely suspend, but actually tolled applicable deadlines and statutes of limitations. See Favourite Ltd. v. Cico, 42 N.Y.3d 250, 253 (2024); Matter of Jaime v. City of New York, 41 N.Y.3d 531, 537 (2024). In federal cases where New York State law supplies the statute of limitations, such as 42 U.S.C. § 1983 cases, courts in the Southern District of New York have applied the tolling provisions of the state-law Executive Orders. See, e.g., C.Q. v. N.Y.C. Dep't of Educ., 21-CV-3 (JGK), 2024 U.S. Dist. LEXIS 219704, at *16 (S.D.N.Y. Dec. 3, 2024); Corines v. County of Westchester, 22-CV-5179 (KMK), 2024 U.S. Dist. LEXIS 54050, at *9 (S.D.N.Y. Mar. 25, 2024); Doe v. State Univ. of N.Y. Purchase Coll., 617 F. Supp. 3d 195, 208 (S.D.N.Y. 2022). This is consistent with the Second Circuit's ruling in Nwoye v. Obama, in which the court found that the District Court did not err in tolling the statute of limitations from March 20, 2020 through November 3, 2020 pursuant to the Executive Orders for an unjust enrichment claim. Nwoye v. Obama, 23-1178-CV, 2024 U.S. App. LEXIS 5143, at *2 (2d Cir. Mar. 4, 2024) (citing McLaughlin v. Snowlift, Inc., 214 A.D.3d 720, 721, 185 N.Y.S.3d 212 (App. Div. 2023)).

Factoring in the tolling period established by the COVID-19 Executive Orders, the clock on plaintiffs' § 1983 claims started on or about November 4, 2020. Accordingly, the statute of limitations on these claims ran on or about November 4, 2023. But plaintiffs did not file the instant case until almost a year later, on September 18, 2024—more than ten months after the statute of limitations expired. Therefore, although plaintiffs received the benefit of this tolling provision, their federal claims are nonetheless time-barred and should be dismissed.

**B.    American Pipe Tolling Is Inapplicable.**

Plaintiffs assert that the statute of limitations on their claims were tolled by the filing of putative class actions concerning protests that occurred around New York City following the death of George Floyd. FAC at  ¶¶ 14-20. Although multiple proposed class actions were filed in the wake of the George Floyd and Black Lives Matter protests in 2020, plaintiffs cite two in particular as relevant, Sow, 21-CV-00533 (CM) (GWG) and Sierra, et al. v. City of New York, et al., 20-CV-10291 (CM) (GWG) (hereinafter "Sierra").[3] Despite the reference to Sierra, plaintiffs do not make any substantive arguments related to Sierra or plead any attempts at joining that matter as class members. Accordingly, the arguments below will focus on Sow.

The FAC only makes vague and conclusory statements regarding why tolling the statute of limitations pursuant to American Pipe is applicable in this case. The FAC asserts that putative class actions such as Sow tolled the relevant statute of limitations. See FAC at ¶ 14. The FAC further states that Sow "included class claims for any person arrested or subjected to any force at a protest through at least January 2021." See FAC at ¶ 17. However, plaintiffs admit that they were not in the Sow certified class. FAC at ¶ 20. As a result of this, plaintiffs conclude that their claims were not extinguished by Sow settlement. FAC at ¶ 20.

As an initial matter, even assuming that plaintiffs "fell within the initially defined class in Sow," as they claim, the FAC is lacking in factual allegations to support this claim. FAC at ¶ 8. Instead, plaintiffs merely mention in a footnote that the pre-certification definition of the Sow class was "far broader." FAC at n. 3. Regardless, whether plaintiffs would have been class members under the class defined in the original Sow complaint is of no moment as it is not the operative

---

[3] Additionally, plaintiffs incorporate by reference the factual allegations of multiple class action and non-class action cases. See FAC at n. 4.

pleading. The FAC does not explain why class action tolling is applicable in this case, and plaintiffs cannot claim the protections of <u>American Pipe</u> tolling without pleading the facts necessary to reach such a conclusion. Thus, plaintiffs, who are represented by the <u>Sow</u> Class Counsel, should have known to commence their lawsuit without reliance on the <u>Sow</u> class action once the <u>Sow</u> FAC was filed. After all, <u>American Pipe</u> does not protect parties "who has slept on his rights." <u>American Pipe</u>, 414 U.S. at 554 (quoting <u>Burnett v. N.Y. Cent. R.R. Co.</u>, 380 U.S. 424, 428, 85 S. Ct. 1050, 1054 (1965). Because plaintiffs' arguments regarding the applicability of <u>American Pipe</u> in the FAC are unclear, defendants limit their discussion of <u>American Pipe</u> to general applications and reserve the right to make further arguments.

<u>Generally</u>, under <u>American Pipe & Construction Co. v. Utah</u>, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." <u>American Pipe & Construction Co. v. Utah</u>, 414 U.S. 538, 554 (1974). "This tolling benefit is afforded to active participants in the litigation as well as those who were unaware of the proceedings." <u>In re UiPath, Inc. Sec. Litig.</u>, 755 F. Supp. 3d 498, at *37 (S.D.N.Y. 2024). However, by the very nature of <u>American Pipe</u> tolling, its progeny has focused on tolling the statute of limitations in cases where class certification was *denied*. Thus, in <u>Crown, Cork & Seal Co., Inc. v. Parker</u>, the Supreme Court held that tolling is applicable to putative class members intervening or joining an existing suit that was denied class certification. <u>Crown, Cork & Seal Co., Inc. v. Parker</u>, 462 U.S. 345, 354, 103 S. Ct. 2392, 2397-98 (1983).

Here, unlike in <u>American Pipe</u>, the classes in <u>Sow</u> and <u>Sierra</u> *were* certified by orders on February 22, 2024 and October 25, 2023, respectively. <u>See Sow</u>, ECF No. 196; <u>Sierra</u>, ECF No. 189. By plaintiffs' own admission, they are not members of the certified class of either case. <u>See</u>

FAC at ¶ 8. Plaintiffs allege that they contacted to the <u>Sow</u> class counsel and the class administrator in an attempt to file claims. <u>See</u> FAC at ¶ 22. But plaintiffs were informed by the City on January 22, 2024 that the plaintiffs were not eligible. <u>See</u> FAC at ¶ 24. Therefore, plaintiffs cannot avail themselves of the <u>American Pipe</u> class action tolling, because the classes in the lawsuits cited by plaintiffs *were* certified. Plaintiffs were simply not members of the certified classes.

### C.    Plaintiffs Are Not Members of the <u>Sow</u> Certified Class.

It is significant that plaintiffs' counsels in this matter are also class counsels in <u>Sow</u>–the same class action where class counsel negotiated the settlement and the one plaintiffs now argue tolled the statute of limitations for their Section 1983 claims. As a result, plaintiffs' counsels are intimately aware of the requirements of the <u>Sow</u> certified class. Plaintiffs correctly state that, as certified, the <u>Sow</u> class members were individuals arrested at 18 specified locations within certain boundaries. <u>See</u> FAC at ¶ 21; Amended Final Approval Order at ¶ 2 (referencing Amended Stipulation at ¶ 32). For arrests made in New York County on June 1, 2020, the location boundaries are defined as: "Arrests made at the protest within the area of Manhattan in the surrounding vicinity bordered by East 66th Street, Second Avenue, East and West 23rd Street, Sixth Avenue, Central Park South, and Fifth Avenue." Amended Stipulation at ¶ 32.  Plaintiffs, on the other hand, claim they were arrested on 8th Avenue between West 40th Street and West 41st Street, in New York County. <u>See</u> FAC at ¶¶ 130, 159 186. This location is not within the geographic boundaries defined for the June 1, 2020 Midtown Manhattan protests. Accordingly, plaintiffs were not included in the certified class.

### D.    Plaintiffs Were In Violation of the Mayoral Emergency Executive Order.

Notably, there was another Executive Order at play on June 1, 2020, which plaintiffs violated. Under Emergency Executive Order No. 117, former Mayor De Blasio prohibited individuals and vehicles in public, with exceptions for essential workers, from June 1, 2020 at 8:00

p.m. until June 2, 2020 at 5:00 a.m.  N.Y.C. Emer. Exec. Order No. 117 (June 1, 2020). Indeed, plaintiffs admit that the arrests occurred at approximately 11:30 p.m. FAC at ¶¶ 138, 165, 192. But plaintiffs conveniently ignore the fact that they were in violation of the curfew, even while extensively discussing the imposed curfew. See FAC at ¶¶ 72-99. While the FAC challenges the "retaliatory and selective enforcement of the Curfew Orders," plaintiffs make no arguments as to how or even if the curfews were unfairly enforced in their arrests, despite the fact that they were, in fact, breaking curfew. FAC at ¶ 338. Moreover, plaintiffs do not dispute the validity of the curfews, nor plead any violation of a federal right for the curfew itself. Importantly, the court has held that "[i]t is so patently obvious that it was not unconstitutional for the Mayor to issue the curfew orders." Memorandum Decision and Order, dated July 9, 2021, In Re 2020 Demonstrations, 20-CV-08924, ECF No. 191, at p. 36.  Accordingly, plaintiffs were in violation of the valid curfew executive order when they were arrested, and their pleadings fall short of alleging any claims of constitutional violations as to these plaintiffs.

Without any applicable tolling, the statute of limitations on plaintiffs' claims ran on or about November 4, 2023. Therefore, plaintiffs' claims under Section 1983 are time barred and should be dismissed.

## POINT II

## PLAINTIFFS' MUNICIPAL LIABILITY CLAIMS FAIL AS A MATTER OF LAW

Any claims against the City must be dismissed because they are not only time-barred but plaintiffs failed to state a claim on the merits.

### A.    Plaintiffs Cannot Proceed on a Monell Claim as the Alleged Constitutional Violations Are Time-Barred.

Plaintiffs' Monell claims should be dismissed because the constitutional violations alleged are time-barred. "To hold a city liable under § 1983 for the unconstitutional actions of its

employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007) (citation omitted). However, municipal liability cannot be based on time-barred acts. See Daniels v. City of New York, 18-CV-3717 (RA), 2019 U.S. Dist. LEXIS 55746, at *9 (S.D.N.Y. Mar. 31, 2019) (municipal liability "claims are derivative in nature and are therefore dismissed to the extent that they are predicated on Plaintiff's time-barred claims for illegal search or excessive force"). Plaintiffs bring claims of false arrest, excessive force, first amendment violations, first amendment retaliation, due process violation, and selective enforcement. All of these claims are predicated on the actions taken by NYPD members on June 1, 2020. Since the acts specified in the FAC on which municipal liability is based are time-barred for the reasons stated above, this claim against the City also fails.

### B.    Plaintiffs' Complaint Fails to Adequately Allege a Municipal Policy or Practice.

In order to hold the City of New York liable under 42 U.S.C. § 1983 for an alleged constitutional violation, plaintiffs must plead: "(1) an official policy or custom that (2) cause[d] [plaintiff] to be subjected to (3) a denial of a constitutional right." See Aquino v. City of New York, 16 Civ. 1577 (GHW), 2017 U.S. Dist. LEXIS 10436, at *7-8 (S.D.N.Y. Jan. 25, 2017) (citing Rodriguez v. Winski, 973 F. Supp. 2d 411, 425 (S.D.N.Y. 2013)). A municipality may not be held liable under 42 U.S.C. § 1983 solely based on *respondeat superior*. See Monell v. Dep't of Social Services, 436 U.S. 658, 663 n.7, 694-95 (1978). Thus, a "municipality is not vicariously liable for its employees' actions under 42 U.S.C. § 1983." Aquino, 16 Civ. at *7 (citing Connick v. Thompson, 563 U.S. 51, 60 (2011)). However, municipalities are "liable for 'their own illegal acts.'" Id. (citations omitted).

13

Plaintiffs can satisfy the "policy or custom" prong required for municipal liability by alleging "the existence of (1) a formal policy, see Monell, 436 U.S. at 690; (2) actions taken or decisions made by final municipal policymakers that caused the violation of [plaintiff's] rights, see Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986) (plurality opinion); (3) a practice so persistent and widespread that it constitutes a 'custom or usage' and implies the constructive knowledge of policymakers, see Monell, 436 U.S. at 690-91; or (4) a failure to properly train or supervise municipal employees that amounts to 'deliberate indifference to the rights of those with whom municipal employees will come into contact.'" Aquino, 16 Civ. at *8 (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)). "To establish Monell liability, the causal link must be strong; that is, the policy must be the 'moving force' behind a constitutional violation." Mercado v. City of New York, 08 CV 2855 (BSJ)(HP), 2011 U.S. Dist. LEXIS 140430, at *23 (S.D.N.Y. Dec. 5, 2011) (citing Monell, 436 U.S. at 691, 694).

A claim for municipal liability cannot stand where there is no causal connection between the plaintiff's alleged constitutional violation and the alleged unlawful custom. See, e.g., Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006) ("Monell does not provide a separate cause of action . . .; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."); Galgano v. Cty. of Putnam, 16-CV-3572 (KMK), 2020 U.S. Dist. LEXIS 116682, at *30-31 (S.D.N.Y. July 2, 2020) (same). Stated differently, even where a plaintiff identifies an unconstitutional custom or practice, if that plaintiff's rights were not violated as a result of the application of that custom or practice the claim fails. See U.S. Const. Art. III, Section 2; An v. City of New York, 2017 U.S. Dist. LEXIS 84364, at *8 (S.D.N.Y. June 1, 2017) (holding that standing, including injury in fact, is required to bring Monell claim).

Even if plaintiffs' municipal liability claims were not based on time-barred acts, they still fail because plaintiffs cannot demonstrate the existence of an NYPD policy or custom, much less a relevant one, that led to the deprivation of their rights. For plaintiffs to prevail on their municipal liability cause of action, they must identify the existence of a "policy or custom" that led to the deprivation of their constitutional rights. See Newton v. City of New York, 779 F.3d 140, 152 (2d Cir. 2015). Here, plaintiffs allege the existence of a "Protest Arrest Processing Policy." FAC at ¶ 260. Plaintiffs, however, admit that they were not taken to a central arrest processing location, but to a nearby precinct. See FAC at ¶¶ 145, 173, 198. Additionally, plaintiffs cannot demonstrate the lengthy detentions they allege because they were all released within three to five hours. See FAC at ¶¶ 154, 181 206. Next, plaintiffs have not identified a policy with respect to their tight handcuffing claim. Instead, plaintiffs argue vaguely and without support that officers ignored plaintiffs' complaints regarding the discomfort of the handcuffs due to "informal NYPD policy." See FAC at ¶¶ 139, 167, 193. At the same time, in direct contradiction to the asserted informal policy, plaintiffs acknowledge that the Patrol Guide required officers to adjust handcuffs as necessary. See FAC at ¶¶ 140, 168, 194. 137, 161, 187.

There are many allegations that are not relevant to the circumstances of plaintiffs' arrest. For example, plaintiff were not arrested as part of a "perceived group without having made an individualized determination that there was probable cause [for their] arrests," FAC at ¶ 267.  Such allegations, which are prevalent in the FAC, are not relevant to the underlying actions described by the individual plaintiffs and cannot be used to bolster plaintiff's municipal liability claim.

Further, plaintiffs' assertion that "Defendants employed tactics developed and modified over the course of many years by Defendants . . . including the policies, practices, and customs complained of herein, and also described and litigated" in cited cases to support a purported Monell

15

claim is inadequate. See FAC at ¶ 218. "The fact that a civil action was filed and settled voluntarily is not evidence of liability on the part of the City, let alone evidence that the City was on notice of a claimed deficiency in the training it gave to NYPD members. Absent a finding of liability by a judge or jury, the existence of historical civil actions raising similar claims "establishes . . . that other individuals have plausibly alleged that they experienced similar violations of their constitutional rights as [plaintiff] alleges here, not that those violations actually occurred." Monahan v. City of New York, 20-CV-2610 (PKC), 2022 U.S. Dist. LEXIS 59124, at *52 (S.D.N.Y. March 30, 2022) (citations omitted).

### C.    Plaintiffs' Municipal Liability Claim Should be Precluded.

Lastly, plaintiffs' Monell claim regarding policing at protests should be precluded because there exists ongoing relief directly addressing this claim. As previously stated, plaintiffs' counsel are class counsel on Sow. See FAC at p. 60; Sow Amended Final Approval Order at p. 2; Sow Final Approval Order at p. 2; Sow Amended Stipulation at p. 31. The Sow plaintiffs sought declaratory and injunctive relief to end NYPD's policing practices regarding protests—a claim that was then consolidated into In Re: 2020 Demonstrations. Sow, First Amended Complaint dated January 21, 2021, ECF No. 1, at ¶¶ 8, 525.  The parties in In Re: 2020 Demonstrations settled for, in relevant part, the adoption and revision of certain policies and procedures on the policing by NYPD of "First Amendment Activities," which is a multi-year process. Decision and Order, dated February 7, 2024, In Re: 2020 Demonstrations, 20-CV-08924, ECF No. 1174. Thus, plaintiffs' counsel, as Sow class counsel, are, not only part of that process but, at a minimum, are familiar with the changes being made to the policing policies and practices that make up the instant Monell claims. Nevertheless, plaintiffs now seek redress in this new action for the very same claims that In Re: 2020 Demonstrations resolved. Such attempts should be precluded by the Court.

For these reasons, plaintiffs' municipal liability claims fail.

## POINT III

### PLAINTIFFS' STATE LAW CLAIMS SHOULD
### BE DISMISSED

Plaintiffs allege violations of the New York State Constitution, including Assault and Battery, False Imprisonment, Unreasonable Detention, Negligent Training and Supervision, and Excessive Detention. See FAC at ¶¶ 339-354. Because federal courts apply state notice-of-claim statutes to state claims, the requirements of New York General Municipal Law (hereinafter "N.Y. Gen. Mun. Law") § 50 must be met. See Hardy v. N.Y.C. Health & Hosp. Corp., 164 F.3d 789, 793 (2d Cir. 1999). This includes pleading that such requirements were satisfied. But nowhere in the FAC do plaintiffs plead that they complied with the requirements of N.Y. Gen. Mun. Law § 50-i to file notices of claim.

New York General Municipal Law § 50-e requires that a Notice of Claim be filed within ninety days of the incident giving rise to the claim. N.Y. Gen. Mun. Law § 50-e(1)(a). "A plaintiff must plead in the complaint that: 1) the Notice of Claim was served; 2) at least thirty days has elapsed since the Notice of Claim was filed and before the complaint was filed; and 3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim." Horvath v. Daniel, 423 F. Supp.2d 421, 423 (S.D.N.Y. 2006); see N.Y. Gen. Mun. Law § 50-i(1). "Under §50-i, unless the plaintiff has complied with the Notice of Claim requirement the action cannot commence." Horvath, 423 F. Supp.2d at 423. Furthermore, "[n]otice of claim requirements are construed strictly by New York state courts." Id. (internal quotations omitted). Failure to demonstrate compliance with the Notice of Claim requirements is sufficient for the complaint to "be dismissed for failure to state a cause of action." Id. (internal quotations omitted). The burden is on the plaintiff to demonstrate compliance with the Notice of Claim requirements. See Rattner v. Planning Comm'n of Vill. of Pleasantville, 156 A.D.2d 521, 526, 548 N.Y.S.2d 943, 948 (2d Dep't 1989);

17

Horvath, 423 F. Supp. 2d at 423. Fatally, it does not appear that plaintiffs filed Notices of Claim. Because plaintiffs failed to meet the requirements of N.Y. Gen. Mun. Law § 50, both procedurally by failing to allege compliance and substantively by not filing notices of claim, the state law claims must be dismissed.

Moreover, the state law claims are time-barred. Under N.Y. Gen. Mun. Law § 50, a claim against New York City or its employees must be "commenced within one year and ninety days after the happening of the event upon which the claim is based." N.Y. Gen. Mun. L. § 50-i(1)(c). Taking into account the COVID-19 pandemic tolling, plaintiffs' state claims accrued on November 4, 2020. As a result, even if they had timely filed notices of claim, the statute of limitations on plaintiffs' state law claims ran on or about February 2, 2022.[4] Because this action was not filed until two and a half years after the statute of limitations expired, plaintiffs' state law claims are time-barred and must be dismissed.

---

[4] Plaintiffs cite to Chavez v. Occidental Chem. Corp., 35 NY3d 492, 508 (2020) for New York state courts' adoption of American Pipe tolling. See FAC at ¶ 15. However, plaintiffs do not articulate how this adoption applies to this matter. Assuming, arguendo, that plaintiffs are attempting to argue that the statute of limitations for the state law claims are tolled because of Sow and American Pipe, as stated above, plaintiffs fail to articulate how American Pipe is applicable in this case.

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that this Court grant their motion to dismiss pursuant to Rule 12(b)(6), dismiss the First Amended Complaint in its entirety, with prejudice, and for such other and further relief as the Court deems proper and just.[5]

Dated:      New York, NY
            April 25, 2025

                              MURIEL GOODE-TRUFANT
                              Corporation Counsel of the City of
                              New York
                              *Attorney for Defendants*
                              New York, New York 10007
                              (212) 356-2657

                   By:      /s/ *Yini Zhang*
                              Yini Zhang
                              Senior Counsel
                              Special Federal Litigation Division

cc:      Counsels of Record (By ECF)

---

[5] In accordance with Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the total number of words in the foregoing Memorandum of Law, inclusive of point headings and footnotes, is 6282. I have relied on the word count function of Microsoft Word to prepare this certification.