

April 28, 2025

Yini Zhang
Muriel Goode-Trufant
Corporation Counsel of the City of New York
100 Church Street, 3rd Floor
New York, NY 10007

By Electronic Filing.

> Re:   Notice Under Rule 11
>       Friedland et al. v. City of New York, et al., 24-cv-7064

Dear Yini:

      As you know, I am co-counsel for Plaintiffs in the case above. I am disappointed to have to send this letter, particularly because you'd asked for more time to discuss informally before filing your motion — and then filed it anyway. However, this is now where we are. Please find attached a notice of motion for Plaintiffs' motion under Rule 11. *See Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012).

      If Defendants do not withdraw the motion within 21 days, Plaintiffs will seek sanctions against you and the City.

## Discussion

      It is difficult to pinpoint exactly how Defendants' motion is frivolous, because it is so far divorced from how *American Pipe* works. Previously, I have attempted to explain both verbally and in a detailed email how *American Pipe* analysis applies here. Yet, Defendants motion does not actually grapple with the doctrine, resulting in a motion that never addresses the basics: A class that is certified in a narrower form than the proposed class does not somehow exclude those left out and nullify the previously existing toll — that premise would, in every case, force the very rush to the Courthouse *American Pipe* is meant to prevent.

> I.   Plaintiffs are, the Parties Agree, Members of the Proposed Class but not the Certified Class in *Sow*.

      Defendants' pre-motion letter falsely stated that Plaintiffs "were not members of the proposed … class" in *Sow v. City of New York*, 21-cv-544 (CM)(GWG). ECF No. 23 at 1. Defendants now appear to abandon that (knowingly) false premise, perhaps because of my prior communications in response to your pre-motion letter. Instead, the premise of the motion (as explored below) now appears to be restricted to a simple (and wrong) assertion that *American Pipe* does not apply to a partially certified class.



But to recap for context, the *Sow v. City of New York* proposed class definition was:

(a) all persons who were targeted for their First Amendment protected activity including being, inter alia, unlawfully detained and/or arrested without fair warning or ability to disperse, subjected to excessive force, and/or subjected to unreasonably lengthy and unsafe custodial arrest processing during the New York City protest marches in opposition to police misconduct and in support of police reform from May 28, 2020 through no earlier than November, 2020 (the "Protests");

(b) all persons who have been or will be unlawfully detained and/or arrested without fair warning or ability to disperse since May 28, 2020, pursuant to the NYPD's policy, practice, and/or custom of, without legal justification, conducting retaliatory arrests and detentions of individuals protesting in opposition to police misconduct and in support of police reform

First Amended Complaint, *Sow v. City of New York*, 21-cv-533, ECF No. 49 ¶ 510. Call that the "Proposed Class," and the as-certified class you cite throughout your memorandum (Sow Amended Final Approval Order, ECF 199) the "Certified Class."

We don't appear to dispute that this extremely broad definition covers Plaintiffs here easily. As alleged, all three Plaintiffs, essentially:

- "[A]ttended a Black Lives Matter protest in Midtown Manhattan." ECF No. 13 ("FAC") ¶¶ 130; 158; 185.

- "[R]ecord[ed] [NYPD] officers [who were harassing a Black teenager.]" FAC ¶¶ 133; 160; 187.

- In response, "[a]fter noticing they were being recorded, approximately six NYPD officers … became verbally aggressive, yelling at the group – that included [all Plaintiffs] – to back up and stop filming." FAC ¶¶ 134; 161; 190.

- And after trying to stop the filming, the "officers surrounded [Plaintiffs], threw [Ms. Friedland and Mx. Sieradzki] to the ground, and then began placing the group under arrest and using plastic zip-tie flexcuffs." FAC ¶¶ 138; 165; 193.

- Plaintiffs were then subjected to mass arrest processing, with other protesters from the same protest, and the accompanying practices that other protesters faced, such a refusals to loosen overtight flexcuffs, overlong detention, and the like. *See, e.g.,* FAC ¶¶ 167-183; 193-209.

By the express terms of the FAC, Plaintiffs were each "targeted for their First Amendment protected activity … ***during*** the New York City protest marches in opposition to police misconduct and in support of police reform from May 28, 2020 through no earlier than November, 2020." *Sow*, ECF

 Page 2 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



No. 49 ¶ 510 (emphasis added). There isn't a serious argument otherwise — and certainly no suggestion that is Defendants' position in the motion. *See, e.g.,* ECF No. 26, Point I(C).[1]

## II. Defendants' Motion is Based on a Legally Frivolous Premise.

Defendants' motion never bothers actually citing the class definition in *Sow.* ECF No. 26 at 9-10.[2] Instead, Defendants' entire argument appears to be that, where a class is *partially* certified, members of the Proposed Class are not entitled to a toll: "plaintiffs cannot avail themselves of the American Pipe class action tolling, because the classes in the lawsuits cited by plaintiffs were certified. Plaintiffs were simply not members of the certified classes." ECF No. 26 at 10-11. Defendants' motion then moves on to say that, since the Certified Class was narrower than that the Proposed Class in the *Sow* FAC — and did not include Plaintiffs here — they were not covered by the certification or toll.

Put otherwise, Defendants' entire argument flows from the premise that "by the very nature of *American Pipe* tolling, its progeny has focused on tolling the statute of limitations in cases where class certification was *denied*." *Id.* at 10 (emphasis in original).[3] Wrong. The claim that somehow, there is no toll for those in the Proposed Class (but excluded in the Certified Class) is simply wrong, and Defendants' failure to conduct meaningful research before filing their frivolous motion shows.[4] And, of course, Defendants do not cite even a *single* case finding *American Pipe* does not apply to a partially certified class.

First, Defendants' premise is facially false. The Supreme Court has explicitly extended in cases "after the certification motion was granted." *In re WorldCom Sec. Litig.*, 496 F3d 245, 250 (2d Cir 2007), *describing Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 n.13 (1974). So, Defendant's claim about the "nature" of *American Pipe* does not survive first contact with the even just Supreme Court cases. And from there, "[p]rinciples of . . . tolling usually dictate that when a time bar has been suspended and then begins to run again upon a later event, the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped." *United States v.*

---

[1] Doctrinally, the question is not even whether the definition *actually* includes a plaintiff, but whether they are "arguably" covered by the proposed definition. *See, e.g., Korwek v Hunt*, 827 F2d 874, 879 (2d Cir 1987). Even if there were some question of whether Plaintiffs were definitively covered by the Proposed Class (we don't think that's a question), the point is obviously — at a bare minimum — arguable.

[2] All citations are to internal pagination unless specified. All quotations have citations omitted and capitalization may be cleaned up, unless specified.

[3] Defendants are also wrong about the "nature" of *American Pipe* here, and spectacularly so. Where a class is certified and *includes* a plaintiff, no *American Pipe* issue exists, not because *American Pipe* focuses on denials, but because *American Pipe* has nothing when the class action addresses the plaintiff, as would be necessarily true for any member of a certified class.

[4] On this point, I also note that it makes sense you conducted no research: I know you repeatedly asserted various personal issues (understandably!) prevented you from fully responding to our attempts to confer on these issues before a motion. But that does not excuse filing a frivolous motion that is not based in legal reality. I do not know why your supervisors seemingly insisted on that, but it is not consistent with the City's legal obligations under Rule 11.



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



*Ibarra*, 502 U.S. 1, 4 (1991).

Indeed, the language of Supreme Court doctrine, read the way Defendants argue it, simply means that the toll remains in place: If the only thing that can end an *American Pipe* toll is denial, "once the statute of limitations has been tolled, ***it remains tolled*** for all members of the putative class until class certification is denied." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983) emphasis added).[5]

Next, there are cases that directly explain how this works in our context — both from the District we're in, at the Circuit level, and even involving the City. "Where the scope of the class definition in an initial complaint 'arguably' includes particular bystander plaintiffs, they remain entitled to American Pipe tolling unless and until a court accepts a new definition that unambiguously excludes them." *Defries v Union Pac. R.R. Co.*, 104 F.4th 1091, 1099 (9th Cir 2024) (reviewing circuit level cases, reversing a narrower version of the rule that would still provide a toll here). *See also, e.g., Smith v Pennington*, 352 F3d 884, 894 (4th Cir 2003); *Choquette v City of NY*, 839 F Supp 2d 692, 702 (SDNY 2012).

Importantly, we all seem to agree that, had *Sow* class certification been *denied*,[6] Plaintiffs here would have had their claims tolled unambiguously. *But*, Defendants say, because a narrower class was certified, it was somehow incumbent on Plaintiffs already have filed actions to "protect" their "rights" — never mind that doing so thwarts the entire purpose of *American Pipe* — before class certification took place. ECF No. 26 at 10. To start, "flexibility, notice, and efficiency are the watchwords of [*American Pipe*] opinions." *Korwek v Hunt*, 827 F2d 874, 879 (2d Cir 1987). Defendants' argument, taken seriously, "would frustrate the purposes of the rule": "*American Pipe* does not require bystander plaintiffs …to follow the class action closely, looking for any change in the class definition and carefully parsing what it might mean." *DeGeer v Union Pac. R.R. Co.*, 113 F.4th 1035, 1041 (8th Cir 2024). Rather, as one court put it, "the whole point of American Pipe is to allow unnamed class members to rely on the pending class action in lieu of filing their own protective lawsuits." *Monroe County Emples.' Retirement Sys.*, 980 F Supp 2d 487 at 491, *quoting with approval from Sawyer v. Atlas Heating & Sheet Metal Works, Inc.,* 731 F. Supp. 2d 850, 853 (E.D. Wis. 2010), *aff'd*, 642 F.3d 560 (7th Cir. 2011). The idea that Plaintiffs here would have been fine if class certification was *denied*, but because something excluding them was certified they should have retroactively thought to file is anathema to the basic principles driving *American Pipe* doctrine.[7]

---

[5] Obviously, this is a silly reading. In reality, "tolling d[oes] not end until the" relevant broader "class claims [are] actually dismissed from [**33] the litigation upon final approval of the [Class ] Settlement Agreement." *Choquette v City of NY*, 839 F Supp 2d 692, 703 (SDNY 2012). The relevant point is that even on Defendants' bad faith reading, *American Pipe* doctrine does not and cannot simply rewrite history to be as if there was never a toll to begin with.

[6] We also note that, had the Certified Class had the effect the City claims it does, Plaintiffs — and many others — would have objected to certification.

[7] The City's seeming additional premise that some actual diligence is required, to the exclusion of someone "who has slept on his rights," while it has some foundation in older dicta, is no longer the law. ECF No. 26 at 10; *compare contra, e.g.,*



Page 4 of 5

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



    We also note the City has lost on this argument in the past.  *See, e.g., Choquette*, 839 F Supp 2d at 702 ("Even under the defendants' incorrect rule…").  As explained there, the relevant date is when the uncertified "class claims were actually dismissed from the litigation upon final approval of the [] Settlement Agreement."  *Id.* at 703.  So for the City to now pretend there are no cases addressing this issue because of the "nature" of *American Pipe* (ECF No. 26 at 10), failing to address cases it has lost, is facial bad faith.

    Finally, there is a wealth of cases that Defendants ignore, applying the simple rule that tolling simply stops whenever the relevant part of the class is no longer in play, demonstrating Defendants' motion is made in bad faith and with a lack of basic research.  *See, e.g., In re New Oriental Educ. & Tech. Group Sec. Litig.*, 293 FRD 483, 487 (SDNY 2013) ("when a consolidated class action complaint redefines a class more narrowly than the prior individual complaints, and no longer asserts claims on behalf of a portion of the consolidated class, the statute of limitations is ***no longer*** tolled under American Pipe for that 'abandoned' subclass") (emphasis added); *Monroe County Emples.' Retirement Sys. v YPF Sociedad Anonima*, 980 F Supp 2d 487, 491-492 (SDNY 2013) (collecting cases).

    Put bluntly, it is obvious you did not do the research required to make the motion you did.  Defendants' motion does not engage with the basic framework set by *American Pipe* itself, its reasoning, or the many cases applying *American Pipe* to cases like this one.  The motion is frivolous.

## Conclusion

    As set out above, the City's argument — based on no cases at all, and against the basic reasoning of *American Pipe* — is frivolous.  There is no good faith basis for the argument in the law as it exists, and by simply ignoring the body of law, Defendants fail to make an argument for extension of that existing law.

    If Defendants do not withdraw the motion, Plaintiffs will seek sanctions.

Yours, &c.,

/s/
_____
J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

Enclosure.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t: (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com