

May 7, 2025

Hon. Denise Cote, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 100077

The plaintiffs' request to extend their time to oppose the motion to dismiss is denied.

*Denise Cote*

May 9, 2025

By Electronic Filing.

Re: <u>Friedland et al. v. City of New York, et al.</u>, 24-cv-7064

Dear Judge Cote:

I am co-counsel for Plaintiffs in the case above. I write to ask that the Court extend, by 21 days, Plaintiffs' time to respond to the motion to dismiss. In the alternative, Plaintiffs ask the Court to stay briefing and ask Defendants to file a letter identifying a single case reaching the result they urge, after which cross-motions can proceed (or, in the unlikely event Defendants can find a case, the motion to dismiss can proceed on its own).

As briefly set out below, Plaintiffs believe Defendants' motion (at least, in the main) is frivolous, and served a Rule 11 safe harbor letter and accompanying notice of motion last Monday — the next business day after Defendants filed the motion. However, the 21-day safe harbor period set by Rule 11 will not expire before the current deadline, and Defendants have refused to sign a stipulation waiving the safe harbor period. Plaintiffs intend to cross move under Rule 11, and considering both motions together is the most efficient route to resolution of the relevant dispute. Plaintiffs have also agreed not to seek sanctions if Defendants can cite ***even a single case*** (from anywhere in the country) that reaches the result they urge. In their papers, Defendants do not cite such a case.

Defendants, nonetheless, oppose an extension — even though Plaintiffs consented to both extensions Defendants asked for on time to answer (ECF Nos. 19 and 21) — and ask the following be included:

> Defendants do not consent to the 21-day enlargement of time for plaintiffs to amend the complaint or respond to defendants' Motion to Dismiss pursuant to Rule 12(b)(6) filed on April 25, 2025 purportedly intended to provide defendants the 21-day safe harbor under Rule 11. Defendants are in receipt of plaintiffs' Rule 11 letter and had advised plaintiffs that defendants do not intend to withdraw our Motion to Dismiss as it is not frivolous. As such, defendants do not require the 21-day safe harbor period that accounts for the enlargement of time request.

Pursuant to the Court's Individual Practices, (1) the original due date is May 16, 2025 (ECF No. 24), (2)/(3) there have been no previous requests for adjournment or extensions of time, and (4) as set out above, Defendants do not consent, and have also refused to sign a stipulation waiving the Rule 11



safe harbor period.

### Brief Discussion

Because Defendants' refusal is based, in part, on their assertion that the motion to dismiss is not frivolous, Plaintiffs also provide a brief explanation. Defendants' motion to dismiss is premised on an assertion that the complaint is not timely, because the class action tolling doctrine in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) and its progeny. That doctrine, in short form, tolls the statute of limitations for members of a proposed class. "[T]he whole point of *American Pipe* is to allow unnamed class members to rely on the pending class action in lieu of filing their own protective lawsuits." *Monroe County Emples.' Retirement Sys. v YPF Sociedad Anonima*, 980 F Supp 2d 487, 491-492 (SDNY 2013).

Here, the parties appear to agree Plaintiffs were members of the broader class proposed in the First Amended Complaint, *in Sow v. City of New York* (21-cv-533, ECF No. 49 ¶ 510), but were not members of the class that was ultimately certified.

Cases are uniform that "when a consolidated class action complaint redefines a class more narrowly than the prior individual complaints, and no longer asserts claims on behalf of a portion of the consolidated class, the statute of limitations is no longer tolled under American Pipe for that 'abandoned' subclass" — but that certification is not some sort of time machine that erases the very existence of the toll. *In re New Oriental Educ. & Tech. Group Sec. Litig.*, 293 FRD 483, 487 (SDNY 2013). *See also, e.g., Choquette v City of NY*, 839 F Supp 2d 692, 702 (SDNY 2012); *Defries v Union Pac. R.R. Co.*, 104 F.4th 1091, 1099 (9th Cir 2024) *("Where the scope of the class definition in an initial complaint 'arguably' includes particular bystander plaintiffs, they remain entitled to American Pipe tolling unless and until a court accepts a new definition that unambiguously excludes them"); Smith v Pennington*, 352 F3d 884, 894 (4th Cir 2003). And indeed, the Supreme Court itself has said ""once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied," without providing any suggestion there would be any exception that treated an abandoned subclass differently. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983).

Yet, Defendants' motion does not cite a single case saying the toll that began for a broader class somehow is retroactively erased by certification of a narrower class. Indeed, Defendants basically fail to analyze the issue at all, beyond saying Plaintiffs were not members of the certified class. As far as Plaintiffs' counsel can tell, no such case exists — and that is not a surprise, given that a contrary rule would result in the exact race to the Courthouse with any (well-counseled) member of a proposed class filing "their own protective lawsuits" that *American Pipe* exists to prevent. *Monroe County Emples.,* 980 F Supp 2d at 491-492.

Rule 11 requires a safe harbor period of "21 days after service [of a notice] or within another time the court sets." Fed. R.. Civ. P. 11(c)(2). Plaintiffs served a notice and a letter explaining why Defendants' motion was frivolous[1] the business day after Defendants filed their motion, so the safe harbor expires on May 19, 2025. And that came after Plaintiffs informally attempted to raise this issue

---

[1] Attached as **Exhibit 1**.

Page 2 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



with Defendants in advance of the motion, and previewed that a Rule 11 motion would be forthcoming if Defendants took the position they ultimately did.  Plaintiffs have not started work on their motion in order to avoid any accusation that they did not give Defendants the benefit of the safe harbor provision.  And once Defendants asserted that they "do not require the 21-day safe harbor period that accounts for the enlargement of time request," Plaintiffs prepared a stipulation and proposed Order so the Court could "set[]" a shorter time.[2]  Yet, Defendants refused to sign it, without any explanation.  This exchange, unfortunately, took the better part of two weeks because of delays in Defendants' responses.

Finally, as noted above, Plaintiffs have expressly told Defendants that if they "can cite … a single case that reaches the result [they] urge ([e.g.], that a member of a proposed class does not get a toll from filing until it is clear they are not a member of a narrower certified class)," Plaintiffs will agree not to seek sanctions.  Plaintiffs maintain that offer here:  **If Defendants can identify even a single case, from anywhere in the country, adopting their position, Plaintiffs will not seek sanctions**.[3]  Given that, it is in the interest of efficiency for Defendants to use the safe harbor period to try to find that *single case* that would avoid a sanctions motion.

In light of Defendants' refusal to waive the safe harbor period, the efficiency of briefing sanctions alongside the motion to dismiss, and obvious benefits from Defendants actually looking into whether even a single case supports their position, Plaintiffs ask the Court to grant a 21-day extension — from May 16, 2025 to June 6, 2025 — of the time for Plaintiffs to oppose the pending motion to dismiss.

In the alternative, Plaintiffs ask the Court to stay briefing and ask Defendants to file a letter identifying a single case reaching the result they urge, after which cross-motions can proceed (or, in the unlikely event Defendants can find a case, the motion to dismiss can proceed on its own).

As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____
J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

[2] Attached as **Exhibit 2**.

[3] To be clear, this offer does not extend to a case that articulates some general principle Defendants assert supports their position.  It only extends to a case actually finding a member of a broader class was not entitled to *American Pipe* tolling after a narrower class was certified.



Page 3 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com