UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Willow Friedland, Steven Gonzalez, and Miriam Sieradzki, <br><br>　　　　　　　　　　*Plaintiff*s, <br><br>　　v. <br><br> City of New York, Former Mayor Bill De Blasio, Former New York City Police Department Commissioner Dermot Shea, and Former New York City Police Department Chief of Department Terence Monahan, <br><br>　　　　　　　　　　*Defendant*s. | 24-cv-7064 (DLC) <br><br> **DECLARATION OF J. REMY GREEN** |

I, Remy Green, being duly sworn, depose and say:

1.　　I am a partner at Cohen&Green P.L.L.C., co-counsel for Plaintiffs in the case above.

2.　　I make this declaration in opposition to Defendants' motion to dismiss.

3.　　Attached as **Exhibit 1** is a true and correct copy of an email thread concerning Plaintiffs, with the Law Department, when my firm was acting as class counsel on *Sow*.[1]

4.　　In Exhibit 1, I asked the City to "confirm the City will not assert that their claims are extinguished by this settlement," and asked that "[i]f that is not the case, [the City] please say something immediately."

5.　　The City did not respond.

6.　　Had the City suggested it believed the *Sow* Stipulation and Order somehow bound *non*-Class Members, as Class Counsel, my firm and others would have needed to object — and would have done so. We would have also counseled

---

[1] This declaration uses the terms defined in the accompanying memorandum of law.

people like Plaintiffs here that they needed to object to the Settlement, because it would be extinguishing their rights (1) without any procedural protection from Rule 23 and (2) providing no consideration or benefit. Obviously, that interpretation never occurred to us, because it is so at odds with the basics of class procedure, the binding effect of judgments, and contract law.

7.  Without revealing the contents of any settlement discussion — and this is perhaps obvious from the fact of the *Sow* FAC — as class counsel in *Sow*, we were open to certifying broader classes than the one certified, and resolving *all* claims in the *Sow* Proposed Class as opposed to just those discussed.

8.  Finally, if there were any suggestion at all that people like Plaintiffs here are not covered by a broad definition like the *Sow* Proposed Class, as class counsel, attorneys would be in the uncomfortable position of having to — in order not to commit malpractice — file a protective lawsuit essentially *every* time a putative class member reached out (and arguably do legwork in discovery to find all putative class members and file protective suits for them).

9.  As it stands right now, given the clarity of the case law, I have been comfortable telling clients they are safe relying on *American Pipe* tolling — and that *nothing* could happen later that binds them without giving them an opportunity to (1) opt out and (2) file a separate suit with the benefit of tolling. Defendants' arguments here — particularly, but not exclusively, those discussed in Point IV of the accompanying memorandum — are a threat to that equilibrium. Any suggestion at all — given the dramatic consequences of a lack of tolling — that a toll does not protect *everyone* arguably in the proposed class creates an ethical duty

2

to protect them.  And that is particularly so given the duty class counsel has to putative class members even pre-certification.

10.     In short, if any of Defendants' arguments here apply, there would be basically no choice in similar future cases but for class counsel to file protective suits for every single class member they are aware of.  As some courts have said "the whole point of *American Pipe* is to allow unnamed class members to rely on the pending class action in lieu of filing their own protective lawsuits." *Monroe County Emples.' Retirement Sys. v YPF Sociedad Anonima*, 980 F Supp 2d 487, 491-492 (SDNY 2013).  If they cannot "rely" on the pending class completely, then they *will* file those suits and clog up class-action related dockets — and class counsel would be ethically bound to tell them it was the only safe option.

11.     This is significant because sometimes class actions take quite a while to get to class certification — like the one here.  Judge McMahon wanted to backload class certification so that other issues could be handled more quickly, and the case could be made trial ready as quickly as possible. *See generally, e.g., In re Policing*, ECF No. 538; *see also, id.* ECF No. 78 at 14:3-4 (THE COURT: It's going to be very far delayed. Class certification will be very much delayed.").

12.     Attached as **Exhibit 2** and **Exhibit 3** are diagrams prepared using a slightly modified Kellogg-Reed methodology, diagraming the two clauses of the *Sow* Proposed Class.

[this space intentionally left blank]

I declare, under penalty of perjury, that the statements above are true and correct.

3

Executed On: July 10, 2025

/s/
_____
J. Remy Green