```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
WILLOW FRIEDLAND, et al.,                :
                                         :
                       Plaintiffs,       :
                                         :   24cv7064 (DLC)
          -v-                            :
                                         :   OPINION AND
CITY OF NEW YORK, et al.,                :      ORDER
                                         :
                       Defendants.       :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiffs:

David Bruce Rankin
Jonathan C Moore
Mary Olivia Clark
Beldock Levine & Hoffman LLP
99 Park Ave 26th Floor
New York, NY 10016

Elena Louisa Cohen
Remy Green
Cohen Green PLLC
1639 Centre Street
Suite 216
Ridgewood, NY 11385

Gideon Orion Oliver
277 Broadway, Suite 1501
New York, NY 10007

Wylie M. Stecklow
Wylie Stecklow PLLC
Carnegie Hall Tower
152 W. 57th Street
Ste 8th Floor
New York City, NY 10019

For defendants:

Yini Zhang

NYC Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

Plaintiffs brought this § 1983 action against the City of New York ("City") and City officials for alleged harms associated with their arrests and detentions at the hands of New York Police Department ("NYPD") officers on June 1, 2020. The defendants have filed a motion to dismiss the second amended complaint ("SAC"), arguing that plaintiffs' § 1983 claims are time barred and plaintiffs cannot avail themselves of tolling pursuant to American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974). For the following reasons, the defendants' motion is granted.

## Background

The following facts are alleged in the SAC. This Opinion summarizes only the facts necessary to decide this motion.

On June 1, 2020, plaintiffs Willow Friedland, Steven Gonzalez, and Miriam Sieradzki attended a Black Lives Matter ("BLM") protest in Midtown Manhattan at approximately 5:00 pm. That same day, the Governor of New York and the Mayor of the City announced that there would be an 11:00 p.m. to 5:00 a.m. curfew.

Close to 11:30 p.m., while the plaintiffs were walking on the sidewalk on 8th Avenue between West 40th and 41st streets, Friedland noticed a group of NYPD officers "harassing and apprehending" a group of young Black teenagers. In response, plaintiffs stopped walking and began recording the officers. Around six officers then approached plaintiffs, "became verbally aggressive," and instructed plaintiffs to back up and stop recording. Friedland believed she was at a safe distance from the officers and not interfering with their duties. At about 11:30 p.m., the officers threw the plaintiffs to the ground and placed them under arrest. Plaintiffs were transported via police van to NYPD Midtown Precinct South. Friedland and Sieradzki were released after 2-3 hours and Gonzalez after 4-5 hours.

Plaintiffs filed this action on September 18, 2024. Plaintiffs filed a first amended complaint on November 4, 2024. After defendants moved to dismiss on April 25, 2025, plaintiffs filed the operative SAC on May 15, 2025. Defendants then renewed their motion to dismiss. The motion became fully submitted on August 1, 2025.

### Discussion

To defeat a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." Doe v. Franklin Square Union Free School Dist., 100 F.4th 86, 94 (2d Cir. 2024) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Vengalattore v. Cornell Univ., 36 F.4th 87, 102 (2d Cir. 2022) (quoting Iqbal, 556 U.S. at 678).  In determining if a claim is sufficiently plausible to withstand dismissal, a court "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party."  Doe, 100 F.4th at 94 (citation omitted). Courts may adjudicate an affirmative defense on a motion to dismiss "when facts supporting the defense appear on the face of the complaint."  In Re: Nine W. LBO Sec. Litig., 87 F.4th 130, 142 (2d Cir. 2023).

The defendants move to dismiss this action as time barred. Section 1983 claims brought in the State of New York are subject to a three-year statute of limitations.  See Owens v. Okure, 488 U.S. 235, 251 (1989).  A plaintiff's § 1983 claim accrues "when the plaintiff knew or had reason to know of the injury which is the basis of his action, i.e., the alleged injury which -— according to the plaintiff -— amounts to an infringement of that

4

constitutional right." Mallet v. New York State Dep't of Corr. & Cmty. Supervision, 126 F.4th 125, 131 (2d Cir. 2025) (citation omitted).

The plaintiffs' claims accrued on June 1, 2020. Due to the tolling period established by COVID-19 Executive Orders in New York, however, the limitations period was tolled until November 4, 2020. Accordingly, the plaintiffs had three years, or until November 4, 2023, to file this action. It was not filed, however, until September 18, 2024.

The plaintiffs contend that their time to file this action was further tolled by the American Pipe tolling doctrine and is therefore timely. In support, they point to a proposed class action in Sow v. City of New York, No. 21-CV-533-CM-GWG (S.D.N.Y.), which was brought against the City and other municipal defendants. Sow was filed on January 21, 2021, on behalf of individuals who were falsely arrested or had suffered physical and emotional harm during a wave of BLM protests from Summer 2020 through 2021. The Sow first amended complaint ("FAC") was filed on March 6, 2021, and the plaintiffs contend that their claims fall within its definition of the proposed class.

On August 23, 2023, the Honorable Colleen McMahon preliminarily approved a settlement agreement in Sow. This

settlement agreement defined the class in narrower terms than proposed in the Sow FAC. The new class definition limited claims to those made by those arrested during the "George Floyd protests" at 18 specified protest sites within certain geographic boundaries on eight days between May 28 and June 4, 2020. For arrests made in Midtown Manhattan on June 1, the class was limited to arrests made "at the protest" within the area "bordered by East 66th Street, Second Avenue, East and West 23rd Street, Sixth Avenue, Central Park South, and Fifth Avenue." The class was certified on February 22, 2024. The plaintiffs agree that their claims do not fall within the certified class.

American Pipe addressed the relationship between a statute of limitation and class actions governed by Rule 23 of the Federal Rules of Civil Procedure. Rule 23 had been revised in 1966 to address a "recurrent source of abuse" which allowed plaintiffs to wait to see whether a judgment in the class action would be favorable without binding themselves to an unfavorable judgment. 414 U.S. at 547. Under the revised Rule 23(b)(3), class members are bound by a judgment unless they withdraw after class certification. Id. at 549. Thus, potential class members are "mere passive beneficiaries" of the class action until the court makes its certification decision. Id. at 552. The Court held, therefore, that the commencement of a class action

"suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." Id. at 554.

As the Court explained in Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345 (1983), American Pipe tolling serves the "principal purposes of the class-action procedure" by promoting "efficiency and economy of litigation" and avoiding the "needless multiplicity of actions". Id. at 349, 351. American Pipe tolling protects the rights of individual plaintiffs by allowing them to "rely on the class plaintiffs to advance their claims." In re WorldCom Sec. Litig., 496 F.3d 245, 254 (2d Cir. 2007).

This tolling rule is not inconsistent with the purposes served by statutes of limitations, which "are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights." Crown, Cork, 462 U.S. at 352. A class complaint

> notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment. The defendant will be aware of the need to preserve evidence and witnesses respecting the claims of all the members of the class. Tolling the statute of limitations thus creates no potential for unfair surprise.

Id. at 353 (citation omitted).  "[T]he initiation of a class suit gives defendants all the information they need to prepare their defense" and may reduce the burden on defendants which occurs when they have to manage additional lawsuits from multiple plaintiffs with overlapping claims.  In re WorldCom, 496 F.3d at 254.

As the Court explained in China Agritech v. Resh, 584 U.S. 732 (2018), however, plaintiffs "have no substantive right to bring their claims outside the statute of limitations."  Id. at 745.  The purpose behind American Pipe tolling is to preserve the rights of plaintiffs who "reasonably relied on the class representative, who sued timely, to protect their interests in their individual claims."  Id. at 743.  To be clear, however, plaintiffs need not know of the class action to benefit from American Pipe tolling.  In re WorldCom, 496 F.3d at 253.

The plaintiffs argue that they were members of the proposed Sow class, as described in the Sow FAC, which was filed on March 6, 2021.  If true, plaintiffs benefitted from two and a half years (or 900 days) of tolling between the filing of the Sow FAC and, at the very least, the preliminary approval of the narrower class definition on August 23, 2023, resulting in an expiration date of April 22, 2026 for their claims and rendering this action timely filed.

8

The plaintiffs' reliance on American Pipe tolling fails. The plaintiffs could not have reasonably relied on the Sow FAC definition of its class to toll the statute of limitations period for their claims, and their assertion that their individual claims were tolled by that class definition creates "unfair surprise" for the defendants. See Crown, Cork, 462 U.S. at 353.

Sow sought relief for certain persons who were detained or arrested during the BLM protests in New York City. It complained in particular of a police tactic that it alleged was employed in managing crowds of those protestors known as kettling. The Sow FAC defined its proposed class as follows:

> (a) all persons who were targeted for their First Amendment protected activity including being, inter alia, unlawfully detained and/or arrested without fair warning or ability to disperse, subjected to excessive force, and/or subjected to unreasonably lengthy and unsafe custodial arrest processing during the New York City protest marches in opposition to police misconduct and in support of police reform from May 28, 2020 through no earlier than November, 2020 (the "Protests");
>
> (b) all persons who have been or will be unlawfully detained and/or arrested without fair warning or ability to disperse since May 28, 2020, pursuant to the NYPD's policy, practice, and/or custom of, without legal justification, conducting retaliatory arrests and detentions of individuals protesting in opposition to police misconduct and in support of police reform.

(Emphasis supplied.)

Immediately after defining the class, the Sow FAC explained why its claims deserved treatment as a class action. It stated:

> The members of the Class are so numerous as to render joinder impractical. A report from the NYC Department of Investigation indicates that at least 2,047 individuals were arrested by the NYPD in connection with the Protests. Individual demonstrations during the Protests sometimes numbered up to 10,000 individuals, and large protest groups were subjected to mass detention through kettling. Given the substantial number of individuals arrested and detained during the Protests, the members of the Class and any potential future subclasses are so numerous as to render joinder impractical. It is likely that, without an injunction prohibiting Defendants' unconstitutional practices, thousands more protestors against police brutality will be unlawfully arrested or detained in the future.

Both prongs of the Sow class definition relate to arrests and detentions during protests against police misconduct. The definition's first prong encompasses those arrested or subjected to excessive force "during the New York City protest marches". The second prong encompasses those arrested and detained while "protesting in opposition to police misconduct".

The plaintiffs' SAC fails to allege facts that allow it to fit within either prong of the Sow class definition. First, the plaintiffs' SAC does not link the plaintiffs' arrests to their participation in any protest. While it mentions that they attended a protest that occurred roughly six hours before their arrests, it does not state that that protest continued past the 11:00 p.m. curfew into the time of their arrests at around 11:30

10

p.m.  Nor does the SAC describe where the 5:00 p.m. protest occurred and how close or far that protest was from the location of their arrests.  The SAC refers only vaguely to the 5:00 p.m. protest as occurring in Midtown.  At bottom, the SAC does not allege facts to support a finding either that the plaintiffs could have reasonably relied on the Sow FAC's class definition to toll the statute of limitations for their individual claims or that there is no unfair surprise to the defendants from an assertion that the time for them to file their claims had been tolled.  No one could reasonably argue, and the plaintiffs do not, that merely because their arrests occurred on a day in which they had attended BLM protests in the City, that they were members of the class proposed in the Sow FAC.

Nor does the SAC plausibly allege that the plaintiffs were engaged in some other protest at around 11:30 p.m. such that their arrests are encompassed by the Sow class definition.  Again, the SAC does not assert that the protest that began at 5:00 p.m. had continued past the 11:00 p.m. curfew and was now located at Eighth Avenue and West 40th, where the plaintiffs were arrested.  Nor does the SAC assert that the teenagers with whom the police were interacting were protestors.  The SAC indicates that the plaintiffs were simply "walking" on the sidewalk

11

outside the New York Times building when they saw an interaction between the police and teenagers and decided to film it.

The plaintiffs principally argue that their arrests fit within the second prong of the Sow class definition. They emphasize that their arrests occurred after they began recording NYPD officers who "seemed to be harassing and apprehending a group of young Black teenagers." These allegations, however, fail to describe activities that fall within the parameters of the second prong of the Sow class definition. Their arrests are not described in the SAC as arrests of individuals who were "protesting in opposition to police misconduct and in support of police reform". It does not allege, for example, that the plaintiffs said anything to the NYPD officers, carried any signage protesting police activities, or were with others engaged in protest activities. In addition, the SAC does not describe arrests that occurred without fair warning or an opportunity to disperse, both of which were elements of the Sow class definition. Instead, the SAC alleges that the plaintiffs were instructed to "back up and stop filming". It does not allege that the plaintiffs did either. It also does not allege that there was any impediment to their compliance with those instructions. Thus, as alleged, the plaintiffs were arrested after they failed to comply with the order to "back up and stop

12

filming" the police interaction with the teenagers.[1]  Taking the allegations in the SAC as true, they do not provide a basis to find that the plaintiffs could have reasonably relied on the Sow class definition as tolling the statute of limitations for their claims.  Also, these allegations do not provide a basis to find that the defendants had fair notice that the plaintiffs' arrests were encompassed within the Sow class action.

Finally, the plaintiffs rely on an argument that their claims "arguably" fall within the Sow FAC's class definition, relying on a formulation articulated in DeFries v. Union Pacific Ralifoad Co., 104 F.4th 1091 (9th Cir. 2024).  That argument fails as well.

DeFries is inapposite for several reasons.  The parties in DeFries agreed that the plaintiff qualified as a putative class member under the class definition in the original complaint but disputed whether he was included or excluded in the narrowed class that was later certified.  DeFries therefore did not address whether American Pipe tolling had begun, but instead addressed when it should end.  It held that to end American Pipe tolling, the exclusion of a plaintiff from a revised class

---

[1]  What is at issue here is not the legal questions of when a citizen may film an NYPD officer or refuse a command to "back up", but whether the plaintiffs' SAC pleads facts that fall within the class definition in Sow's FAC.

definition must be unambiguous. Id. at 1099. Thus, bystander plaintiffs remained entitled to American Pipe tolling "unless and until a court accepts a new definition that unambiguously excludes them." Id.

As significantly, DeFries expressly acknowledged the importance of fair notice to the defendants for any tolling of the statute of limitations. Id. at 1097. Here, as already explained, the defendants did not have fair notice that the arrests of the plaintiffs would be encompassed by the Sow class definition in its FAC. Simply put, Sow did not toll the statute of limitations for every arrest that occurred in New York City on the same day as a BLM protest.

## Conclusion

The defendants' May 30, 2025, motion to dismiss is granted.

Dated:   New York, New York
         September 25, 2025

                                          _____
                                                DENISE COTE
                                          United States District Judge